IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOE THOMAS BELL, )
)
Plaintiff, )
)
v. ) No. CIV 13-063-JHP-SPS
)
OKLAHOMA DEPARTMENT )
OF CORRECTIONS, et al., )
)
Defendants, )

## OPINION AND ORDER
## DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Joe Thomas Bell, a prisoner appearing *pro se*, has filed a motion for leave to proceed *in forma pauperis* with supporting documentation in conformance with 28 U.S.C. § 1915(a). A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

*Bell v. Jones*, No. CIV 09-502-RAW-SPS (E.D. Okla. Feb. 17, 2011), was dismissed as frivolous, because plaintiff failed to show the defendant's personal participation, and the relief sought was not cognizable under 42 U.S.C. § 1983. *See* Attachment 1 to this Opinion and Order. In *Bell v. Fields*, No. CIV 92-691-FHS-JHP (E.D. Okla. Aug. 23, 1993), the complaint was dismissed because the allegations were conclusory, "non-personal in nature, and . . . unsupported by sufficient facts." *See* Attachment 2. Finally, *Bell v. Stevens*, No. CIV 92-572-FHS-JHP (E.D. Okla. Mar. 24, 1993), was dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because plaintiff's allegations regarding his prison job were "insubstantial and

frivolous." See Attachment 3.[1]

Plaintiff alleges in his complaint that he contracted tuberculosis because of the conditions of his confinement in a Department of Corrections facility in 2011 and 2012. He claims his tuberculosis symptoms could return, so he is in imminent danger of serious physical injury. The court, however, finds such speculative assertions do not qualify him for the exception to the three-strike rule in 28 U.S.C. § 1915(g).

**ACCORDINGLY,** plaintiff's motion for leave to proceed *in forma pauperis* [Docket No. 2] is DENIED. Plaintiff is directed to forward the **$350.00** filing fee to the Court Clerk within twenty (20) days. Failure to submit the filing fee as directed, or to show cause for failure to pay the fee, will result in dismissal of this action. The agency having custody of plaintiff is ordered to release funds from his accounts, including his trust account, for payment of the filing fee.

**IT IS SO ORDERED** this 15th day of March 2013.

JAMES H. PAYNE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoner suits dismissed prior to the 1996 enactment of the Prison Litigation Reform Act count as strikes. *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (citing *Green v. Nottingham*, 90 F.3d 415, 418-20 (10th Cir. 1996)).

# ATTACHMENT 1

*Bell v. Jones*, No. CIV 09-502-RAW-SPS
(E.D. Okla. Feb. 17, 2011)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

FEB 17 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| JOE THOMAS BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 09-502-RAW-SPS |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss or for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the defendant's motion, plaintiff's response, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), brings this action under the authority of 42 U.S.C. § 1983, seeking injunctive relief for alleged constitutional violations during his incarceration. The defendant is DOC Director Justin Jones.[1]

Plaintiff alleges that all male DOC prisoners are in imminent danger of bodily injury. He claims the defendant has placed all medium and maximum security prisons on permanent

---

[1] To the extent the defendant is sued in his official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

lockdown, because of the possibility of outbreaks of violence between the races. Plaintiff also asserts the Oklahoma facilities are overcrowded, and convicted inmates are being housed in county jails, because there is no space available at Lexington Assessment and Reception Center. The inmates in county jails allegedly are denied access to law libraries and other privileges granted to DOC inmates. He seeks the following relief:

> The petitioner seek [sic] a (3) three judge panel to issue an order to Director Justin Jones to no longer hold Oklahoma prisoners under the current overcrowed [sic] conditions, but begin upon order, realease [sic] make an [sic] female prisoners who has [sic] served 10 years or 20% of thier [sic] longest sentence, with the exceptions who don't qualify, sex offenders and anyone convicted of a crime involving a child, and release shall be by a <u>mandatory temporary injunction</u>, an [sic] the release shall continue until (9000) inmates are released.

(Docket #1 at 4) (emphasis in original).

Defendant Justin Jones has filed a motion to dismiss or for summary judgment, alleging among other things that plaintiff has failed to show Jones' personal participation in the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passaic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff is complaining of overcrowded conditions in Oklahoma prisons, but he admits in his complaint that Defendant Jones "is only required to house the convicted felon an[d] not relieve prison overcrowding" [Docket #1 at 4]. The court, therefore, finds plaintiff has not shown that Defendant Jones personally participated in the unconstitutional conditions alleged in the complaint.

Defendant Jones further alleges plaintiff's claims should be dismissed, because the

2

relief sought is not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking relief in the form of the release of certain inmates who have served a certain portion of their sentences. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). *See also Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

   **ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. All other pending motions are DENIED AS MOOT.

   **IT IS SO ORDERED** this _17th_ day of February 2011.

                _/s/ Ronald A. White_
                **RONALD A. WHITE**
                **UNITED STATES DISTRICT JUDGE**

AO450 (Rev. 5/85) Judgement in a Civil Case

UNITED STATES DISTRICT COURT

EASTERN        DISTRICT OF        OKLAHOMA

## JUDGMENT IN A CIVIL CASE

Joe Thomas Bell
V.
Justin Jones

Case Number:   CIV-09-502-RAW-SPS

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issued have been tried and the jury rendered its verdict.

X **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard a decision has been rendered.

IT IS ORDERED AND ADJUDGED

This action is, in all respects, DISMISSED as frivolous.

| 2/17/11 | WILLIAM B. GUTHRIE |
|---|---|
| Date | Clerk |

s/ A Green
(By) Deputy Clerk

# ATTACHMENT 2

*Bell v. Fields*, No. CIV-92-691-FHS-JHP
(E.D. Okla. Aug. 23, 1993)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOE THOMAS BELL,            )
             Plaintiff,    )
                           )
vs.                         ) No. CIV 92-691-S
                           )
LARRY FIELDS, et al.,       )
                           )
             Defendants.   )

FILED
AUG 23 1993
WILLIAM B. GUTHRIE
Clerk, U.S. District Court

### ORDER

Plaintiff is an inmate incarcerated within the Oklahoma Department of Corrections. He filed this civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court is Defendants' motion to dismiss, which the court converted in part to a motion for summary judgment.

### FACTS

Plaintiff's complaint contains four counts. In Count I, he alleges overcrowded conditions at the Jackie Brannon Correctional Center (JBCC). Count II again alleges overcrowding problems, and further alleges problems with mice, roaches, and asbestos.

In Count III, Plaintiff alleges racial discrimination and retaliation for exercising his first amendment rights. He alleges that on occasions when he has been late to dinner and the entrance door is locked he has seen white inmates allowed to enter through the exit door, but he was turned away by Supervisor E.D. Grammeman. Plaintiff alleges Grammeman did this because Plaintiff has filed requests to staff regarding Grammeman.

Count IV also alleges racial discrimination and retaliation

for exercising first amendment rights. Plaintiff alleges that on September 9, 1992, he was in line for sick call. He alleges he observed one or two white inmates receive appointments for that day. Plaintiff was then told by Nurse DeJacimo that he could not see the doctor that day, but could make an appointment. Plaintiff alleges he submitted a "Request to Staff" concerning the matter, and received a misconduct report for doing so.

## DISCUSSION

Many of Plaintiff's allegations are non-personal in nature, and are unsupported by sufficient facts. They are far too conclusory to state a claim upon which relief can be granted. While a court views a complaint in the light most favorable to the plaintiff in considering a dismissal under Fed. R. Civ. P. 12(b)(6), the court distinguishes between well-pleaded facts and conclusory allegations. Conclusory allegations without supporting factual averments are insufficient. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1988), cert. denied 493 U.S. 1059 (1990). Such allegations may be disregarded by the court. Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).

Defendants are also entitled to summary judgment regarding Plaintiff's claims. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). In Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 249 (1986), the United States Supreme Court held that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Id.

Plaintiff has not presented sufficient evidence to support his allegations. On the other hand, Defendants have presented ample evidence to refute Plaintiff's allegations. Thus, there is no genuine issue of material fact, and Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

For all the above reasons, Defendants' motion to dismiss/motion for summary judgment is hereby **granted**. Plaintiff's complaint is accordingly **dismissed**.

IT IS SO ORDERED this 23rd day of August, 1993.

Frank H. Seay
United States District Judge

3

# ATTACHMENT 3

*Bell v. Stevens*, No. CIV 92-572-FHS-JHP
(E.D. Okla. Mar. 24, 1993)

FILED

MAR 24 1993

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By:_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

JOE THOMAS BELL, )
)
        Plaintiff, )
)
v. ) No. CIV-92-572-S
)
ROBERT STEVENS, )
)
        Defendant. )

## ORDER

Plaintiff is an inmate incarcerated within the Oklahoma Department of Corrections. He instituted this action pursuant to 42 U.S.C. § 1983. Now before the court are Defendants' motion to dismiss, Plaintiff's response, and a special report made pursuant to <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).

Defendant is the supervisor at the Jackie Brannon Correctional Center meat plant. Plaintiff once worked at the meat plant, but then he changed jobs. When Plaintiff requested to go back to work at the meat plant, his requests were denied. Plaintiff alleges that Defendant denied his requests to return to the meat plant because of Plaintiff's earlier job change.

The court finds Plaintiff's allegations insubstantial and frivolous. Plaintiff has no right to a job at the meat plant. Plaintiff simply does not state a constitutional claim upon which relief can be granted with his allegations.

ACCORDINGLY, Defendants' motion to dismiss pursuant to 28 U.S.C § 1915(d) and Fed. R. Civ. P. 12(b)(6) is hereby **granted**. Plaintiff's action is **dismissed** without prejudice.

IT IS SO ORDERED this _24_ day of _March_, 1993.

_____
Frank H. Seay
United States District Judge